

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**MEGHAN A. CAVALIERI**
*Assistant Corporation Counsel*
Tel.: (212) 788-6405
Fax: (212) 788-9776

RECEIVED
FEB 1 1 2008
JUDGE SWEET CHAMBERS

February 8, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/08

So ordered
Sweet U.S.D.J.
2-12-08

BY HAND
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Adhim Deveaux, Jr. v. City of New York, et al.</u>, 08 CV 00506 (RWS)

Dear Judge Sweet:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and attorney for defendant City of New York. I am writing with the consent of plaintiff's counsel, Michael Spiegel, Esq., to respectfully request a sixty (60) day enlargement of time from February 11, 2008, until April 11, 2008, within which this office may answer or otherwise respond to the complaint. This is the first request made by this office for an enlargement of time in this action.[1]

   The complaint alleges, inter alia, that plaintiff Adhim Deveaux, Jr. was falsely arrested/imprisoned, subjected to excessive force and subjected to malicious prosecution. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

   In addition to the City of New York, the complaint purports to name Daniel Robbins, Jason Balsan and Bart Pipcinski as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

---

[1] Without appearing on behalf of Police Officers Robbins, Balsan or Pipcinski it is respectfully requested that, if they are served prior to April 11, 2008, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representational issues are being resolved.

      Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The named defendants must then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

      In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until April 11, 2008.

      Thank you for your consideration in this regard.

      Respectfully submitted,

*Meghan Cavalieri*

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   VIA FACSIMILE
      Michael L. Spiegel, Esq.
      Attorney for Plaintiff
      111 Broadway, Suite 1305
      New York, NY 10006
      Fax: (212) 571-7767