UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ADHIM DEVEAUX, JR.,

                               Plaintiff,

               -against-

THE CITY OF NEW YORK, DANIEL ROBBINS,
JASON BALSAN, BART PIPCINSKI, JOHN and JANE
DOES,

                         Defendants.

-------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
ON BEHALF OF CITY OF
NEW YORK, ROBBINS,
BALSAN AND PIPCINSKI**

08 CV 506 (RWS)

Jury Trial Demanded

Defendants, City of New York, Daniel Robbins, Jason Balsan and Bart Pipcinski,
by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their
answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except
admit that plaintiff purports to bring this action as stated therein and seeks relief as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except
admit that plaintiff purports to bring this action as stated therein and purports to invoke the
Court's jurisdiction as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except
admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.     Paragraph "4" of the complaint sets forth a demand for a trial by jury to
which no response is required.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except
admit that plaintiff purports to base venue as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about July 5, 2007 and that the claim has not been adjusted or settled.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation and that the City of New York maintains a police department.

9.    That the allegations set forth in paragraph "9" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required, except admit that Daniel Robbins, Jason Balsan and Bart Pipcinski are employed by the City of New York as police officers.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that on or about October 30, 2006, at approximately 3:30 plaintiff was in the vicinity of Sheridan Avenue and E. 171st Street in the County of the Bronx and that defendants Robbins and Balsan were present at the location.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to whether students were told to disperse.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arrested and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff was charged with.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

36.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

37.     Defendants City of New York, Robbins, Balsan and Pipcinski have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

38.     Any injury alleged to have been sustained resulted from plaintiff's own

culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the defendants City of New York, Robbins, Balsan or Pipcinski.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

39.     At all times relevant to the acts alleged in the complaint, defendants City of New York, Robbins, Balsan and Pipcinski, and theirs agents and officials acted reasonably in the proper and lawful exercise of their discretion.   Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

40.     Punitive damages cannot be recovered from defendant City of New York.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

41.     Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

42.     Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

43.     Plaintiff may not have complied with the conditions precedent to bringing this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

44.     There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

45.     Daniel Robbins, Jason Balsan and Bart Pipcinski have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

- 5 -

**WHEREFORE,** defendants City of New York, Daniel Robbins, Jason Balsan and Bart Pipcinski request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 10, 2008

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendants City of New York,
Robbins, Balsan and Pipcinski
100 Church Street, Room 6-307
New York, New York 10007
(212) 788-6405

By: *Meghan Cavalieri*

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

TO:   Via ECF
      Michael Spiegel, Esq.
      Attorneys for Plaintiff
      111 Broadway, Suite 1305
      New York, NY 10006

08 CV 506 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADHIM DEVEAUX, JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN ROBBINS,
JASON BALSAN, BART PIPCINSKI, JOHN and
JANE DOES,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
THE CITY OF NEW YORK, ROBBINS,
BALSAN AND PIPCINSKI**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York,*
*Robbins, Balsan and Pipcinski*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Meghan A. Cavalieri*
*Tel:  (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................, 2008*

*.................................................................... Esq.*

*Attorney for ...............................................................*

- 7 -