UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADHIM DEVEAUX, JR.,

           Plaintiff,

  -against-

THE CITY OF NEW YORK,
DANIEL ROBBINS, JASON BALSAN,
BART PIPCINSKI, and JOHN and JANE DOES,

           Defendants.
------------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER**

**08 CV 0506 (RWS)(THK)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/08

RECEIVED APR 2 4 2008 SWEET CHAMBERS

     WHEREAS, plaintiff Adhim DeVeaux's social security number, and any medical, psychological or psychiatric records contain material and information which is **confidential, and**

     WHEREAS, defendants will be taking the deposition of plaintiff, and will seek and receive answers to questions regarding his social security number and any medical, psychological or psychiatric history, which plaintiff deems confidential,

     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for plaintiff and defendants, as follows:

     1.    As used herein, "Confidential Materials" shall mean plaintiff's social security number and any and all medical, psychological or psychiatric records of plaintiff; the stenographic record and portions of the transcript of the deposition testimony of plaintiff and of any experts retained by either party in which confidential materials are discussed, including any corrections; and the underlying oral statements by plaintiff and any experts retained by either party with respect to plaintiff's social security number and his medical, psychological or psychiatric information.

2. As used herein, "Defendants" shall refer to all defendants, as identified in the Complaint and any amended complaints.

3. Documents containing Confidential Materials shall be separately bound with a cover page, prominently marked "CONFIDENTIAL."

4. Defendants' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of defendants' case in this action.

5. Defendants' attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of defendants' case in this action.

b. Disclosure before trial may be made only to the Defendants, including appropriate City agency counsel, to an expert who has been retained or specially employed by the Defendants' attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), defendants' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by defendants' attorneys and a copy shall be furnished to plaintiff's attorney upon his request, except for consulting experts whose consents shall be furnished in

redacted form such that their identities are not revealed.

    d.    If plaintiff discloses Confidential Materials to the public or media.

    6.    In the event that either party wishes to file Confidential Materials with the Court, the attorneys seeking to file the documents will give reasonable notice of such desire to opposing counsel for the purpose of stipulating to a mutually-agreeable method for such Court filing. In the event that counsel cannot agree to an appropriate stipulation, the party maintaining the claim of confidentiality shall have the burden of seeking relief from the Court.

    7.    Within 30 days after the termination of this case, including any appeals, the Confidential Materials shall be turned over to plaintiff's counsel upon his written request or, upon plaintiff's consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit or affirmation furnished to the plaintiff's counsel upon written request.

Dated: New York, New York
       April 17, 2008

| | |
|---|---|
| MICHAEL L. SPIEGEL, ESQ. | MEGHAN A. CAVALIERI, ESQ. |
| Attorney for Plaintiff | Assistant Corporation Counsel |
| 111 Broadway, Suite 1305 | Attorney for City Defendants |
| New York, NY 10006 | 100 Church Street |
| | New York, NY 10007 |
| By: _____ | By: _____ |
| Michael L. Spiegel, Esq. | Meghan A. Cavalieri, Esq. MC 6758 |

SO ORDERED:

_____
HON. ROBERT W. SWEET, U.S.D.J.
4·25·08

EXHIBIT A

The undersigned hereby acknowledges that she/he has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on April __, 2008, in the action entitled <u>Adhim DeVeaux, Jr., v. The City of New York, et al.</u>, 08 Civ. 0506 (RWS)(THK), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case. Any copies of Confidential Materials provided to me shall be returned to the person who provided them to me within 21 days of the termination of this case.

_____  _____
Date                              Signature


Print Name_____

Occupation_____