UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ADHIM DEVEAUX,

                               Plaintiff,

           -against-

THE CITY OF NEW YORK, DANIEL ROBBINS,
JASON BALSON, BART PIPCINSKI, AND JOHN AND
JANE DOES,

                           Defendants.

------------------------------------------------------------------- x

STIPULATION AND
PROTECTIVE ORDER

08 CV 0506 (RWS) (THK)

**WHEREAS**, plaintiff has requested that defendants provide information and disclose documents contained in the personnel files of individual defendants; whereas plaintiff also seeks the individual defendants' medical records concerning the incident alleged in the complaint; and

**WHEREAS**, defendants deem these documents confidential; and

**WHEREAS**, defendants object to the production of these documents unless appropriate protection for their confidentiality is assured;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants, as follows:

1. As used herein, "Confidential Materials" shall mean any and all personnel or medical records concerning the individual defendants, and other documents that may be designated confidential by the parties after conferral and agreement between the parties or after application to the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and

only to the extent, that they are (a) obtained by plaintiffs from sources other than defendant City, or (b) are otherwise publicly available.

2. Plaintiffs' attorney shall not use the Confidential Materials for any purpose other than for preparation or presentation of his case in this action.

3. Plaintiffs' attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

   a.  Disclosure may be made only if necessary to the preparation or presentation of Plaintiffs' case in this action.

   b.  Disclosure before trial may be made only to the plaintiffs, to an expert who has been retained or specially employed by his attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by Plaintiffs' attorney and a copy shall be furnished to defendants' attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials and that is submitted to the Court or is made a matter of public record in any other manner, shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. At the termination of this case, including any appeals, and after the New York State retention period, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, if requested by defendants' attorneys shall be returned to defendants' attorneys or, if not requested shall be destroyed.

Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
       July 23, 2008

Michael Spiegel, Esq.　　　　　　　　　　MICHAEL A. CARDOZO
Attorney for Plaintiff　　　　　　　　　　Corporation Counsel of the
111 Broadway, Suite 1305　　　　　　　　City of New York
New York, NY 10006　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　　100 Church Street. Room 3-156
　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　(212) 788-6405

By: _____　　　　By: _____
    Michael Spiegel, Esq.　　　　　　　　 Meghan A. Cavalieri (MC 6758)
　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　　　Special Federal Litigation


SO ORDERED:

_____
U.S.D.J.
Part I
8/4/08

4