**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | | |
|---|---|---|
| ADHIM DEVEAUX, JR., | ) | **AMENDED** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| -against- | ) | |
| | ) | **ECF Case** |
| THE CITY OF NEW YORK, DANIEL ROBBINS, | ) | |
| JOHN GRIFFIN, KELVIN GLOVER, | ) | |
| JASON BALSAN, BART PIPCINSKI, and | ) | **08 Civ. 506 (RWS)** |
| JOHN and JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the

United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws

and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and

punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other

and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4),

this being an action seeking redress for the violation of the plaintiff's constitutional and civil

rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICES OF CLAIM

6.      Plaintiff filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff ADHIM DEVEAUX was at all relevant times herein a resident of Mt. Vernon, New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

9.      Defendants ROBBINS, GRIFFIN, GLOVER, BALSAN, PIPCINSKI, and DOES

are and were at all times relevant herein duly appointed and acting officers, servants, employees

and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a

municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are

and were at all times relevant herein acting under color of state law in the course and scope of

their duties and functions as officers, agents, servants, and employees of defendant THE CITY

OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in

them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful functions in the course of their duties.

<u>STATEMENT OF RELEVANT FACTS</u>

10.     Plaintiff ADHIM DEVEAUX is and was a New York City Department of

Education school teacher.  On October 30, 2006, at about 3:30 p.m., plaintiff was observing

students leave his school, which is located on Sheridan Avenue at 171st Street in the Bronx, New

York.  During the previous week, students had been attacked while leaving school.  Plaintiff

received a telephone call that a student had been attacked, and plaintiff responded.  The attackers

had left by the time plaintiff arrived.  Defendants ROBBINS, GRIFFIN, and GLOVER were

present.

11.     Defendants asked the students to disperse, and the students began to walk away.

Defendant GLOVER then physically seized one of the students who was leaving the area and

slammed him onto a parked vehicle.  Plaintiff and other teachers protested the excessive force

being used, and stated that he was a student at the school, not one of the attackers.

12.     Defendants ROBBINS and GRIFFIN assaulted plaintiff and threw him to the

ground, causing injury.  Plaintiff was placed in handcuffs and arrested.

13.    At some point during the incident, defendants BALSAN and DOES arrived at the

scene.  Defendants GLOVER, BALSAN, and DOES took no action to prevent or stop the actions

of defendants ROBBINS and GRIFFIN, or to void the arrest of plaintiff.  Nor did defendants

GRIFFIN and DOES take any action to prevent or stop the actions of ROBBINS, GRIFFIN, and

GLOVER, or to void the arrest of plaintiff.

14.    Plaintiff was arraigned on charges of Assault in the Second Degree, a felony, and

related charges.  On March 23, 2007, the criminal complaint was dismissed by the Grand Jury of

the County of the Bronx.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

15.    The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

16.    By their conduct and actions in falsely arresting, using excessive force upon, and

maliciously prosecuting plaintiff DEVEAUX, and by failing to intervene to prevent the

complained of conduct, defendants ROBBINS, GRIFFIN, GLOVER, BALSAN, and DOES,

acting under color of law and without lawful justification, intentionally, maliciously, and with a

deliberate indifference to or a reckless disregard for the natural and probable consequences of

their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed

under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth

Amendments.

17.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

18.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

20.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants ROBBINS, GRIFFIN, GLOVER, BALSAN, and DOES.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

22.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23.     By their conduct in failing to remedy the wrongs committed by defendants ROBBINS, GRIFFIN, and GLOVER, and in failing to properly train, supervise, or discipline defendants ROBBINS, GRIFFIN, and GLOVER, defendants GRIFFIN and DOES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

24.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

25.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.     By the actions described above, defendants falsely arrested and imprisoned plaintiff, or caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and

Constitution of the State of New York.

27.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

28.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29.     By the actions described above, defendants did inflict assault and battery upon plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## MALICIOUS PROSECUTION

31.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

33.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### ABUSE OF PROCESS

34.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

36.     As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

37.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

38.    Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39.    As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

40.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

41.    The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

42.    As a result of the foregoing, plaintiff was deprived of liberty, suffered specific and serious bodily and psychological injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of

the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims

herein;

      d.  Pre- and post-judgment costs, interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            July 1, 2008

                                          /s/
                        _____

                        MICHAEL L. SPIEGEL, Esq.
                        111 Broadway, Suite 1305
                        New York, New York 10006
                        (212) 587-8558
                        *Attorney for Plaintiff*